# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv153

| | | |
|---|---|---|
| ROMULUS JEHU ENGLISH; BOBBY ENGLISH; and JOHN EDWARD ENGLISH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | **ORDER** |
| UNITED STATES OF AMERICA; MIKE JOHANNS, Secretary of Agriculture, *et alia*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on the court's own Motion for Case Status. On or about April 23, 2007, plaintiffs presented for filing a Complaint with proposed summonses for issuance by the Clerk of this court. On or about the same day, the Clerk of this court determined that such proposed summonses were not proper in form because they lacked a return address for plaintiffs' counsel. Based upon such determination, the Clerk of this court returned such summonses to counsel with an explanation as to the necessity of an providing an address for counsel.

On April 25, 2007, counsel wrote the Clerk of court advising him in pertinent part, as follows:

> I just received the package back from your office. Unfortunately, and for no good reason which I can understand, the summons which we submitted were not signed. As I explained in my cover letter, we intend to ask for waiver of service of summons, but if that is not successful, we will handle service ourselves. For that reason, we need the issued summons.

>We received a phone call about the lack of an address on the summons, but that should not be a concern of yours, given that the marshal is not being asked to serve them. We, of course, will supply the address is it becomes necessary.

Letter from Marvin Sparrow, April 25, 2007. The Clerk of court has documented two calls placed to Mr. Sparrow's office since that date, with no response.

Mr. Sparrow misunderstands the requirements of Rule 4, Federal Rules of Civil Procedure, as well as the role of the Clerk of this court. First, Rule 4(a) provides:

>**(a) Form.**
>
>The summons shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, **and state the name and address of the plaintiff's attorney** or, if unrepresented, of the plaintiff. It shall also state the time within which the defendant must appear and defend, and notify the defendant that failure to do so will result in a judgment by default against the defendant for the relief demanded in the complaint. The court may allow a summons to be amended.

Fed.R.Civ.P.4(a). Thus, Rule 4(a) clearly mandates that a summons, to be proper in form, include the name and address of plaintiff's attorney. In turn, Rule 4(b) provides, as follows:

>**(b) Issuance.**
>
>Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. **If the summons is in proper form, the clerk shall sign, seal, and issue it to the plaintiff for service on the defendant.** A summons, or a copy of the summons if addressed to multiple defendants, shall be issued for each defendant to be served.

Fed.R.Civ.P. 4(b)(emphasis added). In this case, the Clerk was presented for issuance summonses that were not proper in form as they did not comply with Rule

4(a).

Mr. Sparrow's assumption that his return address is not needed because he will not be using the United States Marshal for service misses the point. As is evident from the face of a summons, the return address for plaintiff's counsel has nothing to do with the Marshal, but instead is the address at which the *defendants* are required to serve their Answer or other responsive pleading:

> **YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address) _____ an answer to the complaint . . . .

A.O. 440, at 1 (emphasis in the original). This command is not to the United States Marshal, but to the defendants. Thus, it makes no difference who serves the Complaint, a summons must include an address at which the defendants may serve plaintiffs with its responsive pleading.

Plaintiffs' intent to attempt to secure waivers of service under Rule 4(d) is typically commendable. Where waiver of service under Rule 4(d) is sought, such process does not require either the issuance or the service of a summons; instead, a form promulgated under Rule 84 is used to inform the defendants of their responsive obligations. Fed.R.Civ.P. 4(d). Because Rule 4(d) does not utilize summonses to effectuate service, there is simply no need to seek issuance of summonses in the typical case. Equally, however, where an attorney seeks issuance of a summons, perhaps in an abundance of caution, Rule 4(a) still requires that the proposed summons contained the required address.

This may all be moot inasmuch as Rule 4(d) only applies to those subject to

service under Rules 4(e), 4(f), or 4(h). Service of the United States, its agencies, officers, or employees is governed by Rule 4(i), which makes no provision for "waiver of service." The bottom line is that waiver of service is simply unavailable to plaintiffs in this case, and plaintiffs will be needing summonses issued by this court, which must comply with Rule 4(a) by including counsel's return address.

* * *

While it is well within the give and take of federal practice to misapprehend what can be complex rules, counsel's letter as well as his action in not responding to the calls of this court have given the court concern. In his letter, Mr. Sparrow stated to the Clerk of this court that the lack of an address "should not be a concern of yours," which has been followed by Mr. Sparrow's failure to return the calls of this court. Mr. Sparrow is advised that the Clerk of this court is a judicial officer who speaks for this court and whose aim is to assist, not vex, members of the Bar of this court. Had Mr. Sparrow heeded the Clerk's sage advice or paid the Clerk the courtesy of a return call, he would not now be required to travel to Asheville, and may not have made a fundamental mistake in attempting to apply Rule 4(d) to a party to which Rule 4(d) is inapplicable. Mr. Sparrow is advised that the Clerk of court is a neutral judicial officer whose advice is valuable to even the most seasoned attorneys, and that members of the Bar of this court have an obligation to return and respond to inquiries of that judicial officer.

While mistakes and disagreements as to law are expected, the court will not

abide rudeness in any man or woman, and the height of rudeness is to not return calls, especially when the calls are placed by the Clerk. A status hearing will, therefore, be called and calendared for May 21, 2007, at 12 noon. At that hearing, Mr. Sparrow will there show cause why he has failed to respond to the Clerk of this court. Mr. Sparrow is advised to bring his checkbook.

## ORDER

**IT IS, THEREFORE, ORDERED** that Mr. Marvin Sparrow appear in Courtroom No. 2, United States Courthouse Building, Asheville, North carolina, at 12 noon on Monday, May 21, 2007, for the purpose of a status conference concerning this case.

The Clerk of this court is instructed to file in the docket Mr. Sparrow's April 25, 2007 letter, as well as any correspondence previously generated by the Clerk of this court.

The Clerk of this court is instructed to deliver to Paul Taylor, Assistant United States Attorney, a copy of this Order.

Signed: May 15, 2007

Dennis L. Howell
United States Magistrate Judge